| | | | |
|---|---|---|---|
| | AUSA: Craig F. Wininger | Telephone: | (313) 226-9569 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Dionte Doris, ATF | Telephone: | (313) 268-7720 |

# UNITED STATES DISTRICT COURT
для
### Eastern District of Michigan

United States of America
   v.

Donnie Ellis JOHNSON

Case No.  Case: 2:20−mj−30459
Assigned To : Unassigned
Assign. Date : 10/30/2020
Description: CMP USA v. SEALED (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 25, 2019__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | Hobbs Act Robbery |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

*Dionte Doris*
*Complainant's signature*

Dionte Doris, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: October 30, 2020

*Judge's signature*

City and state: Detroit, MI

Hon. R. Steven Whalen, United States Magistrate Judge
*Printed name and title*

# **AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Dionte Doris, being first duly sworn, hereby depose and state as follows:

## I.  INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been a Special Agent since July of 2015. I graduated from the Special Agent Basic Training Program at the ATF National Academy and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. I have conducted multiple investigations into the unlawful possession and use of firearms, the possession and distribution of controlled substances, and conspiracies associated with firearm and narcotic offenses. Prior to being with the ATF, I was a police officer with the Metropolitan Nashville Police Department for five years. As a police officer, I conducted narcotic and gang investigations.

2. I have utilized a variety of investigative techniques and resources, including, but not limited to, physical surveillance and electronic surveillance. I have worked with local law enforcement agencies and informants. Through these investigations, my training

and experience, and conversations with other agents and law enforcement personnel, I have become familiar with firearms violations, the methods employed in firearms trafficking and the methods employed in drug trafficking. These methods include smuggling and safeguarding controlled substances and firearms, distributing controlled substances and firearms, and collecting, laundering, hiding, disguising, or concealing related proceeds.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause that Donnie Ellis JOHNSON, B/M, DOB XX/XX/1991, violated 18 U.S.C. § 1951, Hobbs Act Robbery. This affidavit does not set forth all of the information known to law enforcement regarding this investigation, but only the facts necessary to establish probable cause.

## II. PROBABLE CAUSE

4. On March 25, 2019, at approximately 5:18 p.m., Victim-1 contacted the Detroit Police Department to report an armed robbery that occurred in front of his residence in Detroit, MI. Prior to the

incident, Victim-1 noticed a black Chrysler 300 parked on the street near his residence. Victim-1 noticed two unknown subjects in the vehicle and asked who they were. The two unknown suspects stated "The Police".

5. Victim-1 drove away from the suspect vehicle and noticed suspected blue and white police lights behind him. Victim-1 stopped his vehicle believing he was being pulled over by law enforcement.

6. Donnie Ellis JOHNSON and an unidentified second individual approached Victim-1's vehicle and removed him from the vehicle. Victim-1 was placed into handcuffs by the suspects and subsequently placed into the rear of their vehicle. Victim-1 was driven back to his residence and parked in his driveway. JOHNSON exited his vehicle and removed Victim-1 from the rear passenger side of the vehicle. JOHNSON was dressed in all black, wearing a black winter skull cap and wore a black badge holder with a chain around his neck.

7. JOHNSON searched Victim-1's pockets while he was handcuffed, taking approximately $1,350.00 in US currency and a State of Michigan identification from him. JOHNSON later entered his

3

vehicle on the front driver's side, attempting to leave the scene of the incident.

8. Before leaving the scene, JOHNSON exited his vehicle to remove the handcuffs from Victim-1. Victim-1 asked for his money back from JOHNSON. JOHNSON, while seated in the driver's seat of his vehicle, pointed a firearm at Victim-1 while leaving the area.

9. On March 26, 2019, Detroit Police Department officers arrested JOHNSON at his residence of 2973 E. Lafayette St., Apt. 1A, Detroit, MI in relation to an outstanding armed robbery warrant. After obtaining consent to search the apartment for JOHNSON from JOHNSON's co-tenant, a DPD officer entered the apartment and found JOHNSON sleeping on a couch. The DPD officer picked up JOHNSON's pants for JOHNSON to put on and felt handcuffs in the pocket. JOHNSON was arrested.

10. On March 27, 2019, Detroit Police Department Detectives conducted an interview of JOHNSON regarding the armed robbery of Victim-1. During the interview, JOHNSON stated the following information to officers:

- When JOHNSON was asked if the residence that the robbery occurred was a narcotics house, he admitted, "What happened was that was a dope house, and he had two bricks in there". JOHNSON furthered clarified that the narcotics in the residence was "soft cane".

- JOHNSON stated, "Motherfuckers been tracking me for however long, people know that I don't just rob pedestrians, regular working people. I stick to the street shit".

- JOHNSON also admitted that he utilized Amazon.com to purchase items online to impersonate the police. He admitted that he purchased "Some lights and some security guard badges. But the security guard badges ain't have shit on em. I had one security guard badge that I borrowed from somebody".

11. On March 2, 2020, I, along with Detroit Police Department Detective Michael Reizin, interviewed Victim-1 regarding the armed robbery incident on March 25, 2019. Victim-1 stated the following information:

5

- On the date of the incident, he sold a "split" to a subject he identified as "Duke". (Victim-1 described a "split" as two and a quarter ounces of cocaine). "Duke" would normally purchase cocaine from him approximately two (2) times a month.

- He believed that "Duke" set him up the day of the incident by informing JOHNSON to rob him. He knew this information because he received a phone number in his mailbox from JOHNSON approximately one week after JOHNSON was arrested for the robbery. When he called JOHNSON, JOHNSON informed him that the robbery was a business decision and not personal. JOHNSON told him that "Duke" informed him and an unknown black male that Victim-1 had approximately two kilograms of cocaine in his residence.

12. On October 20, 2020, I conducted a NCIC Computerized Criminal History query of JOHNSON. His felony convictions include:

   a. 2020 – Attempt – Felony Weapons – Carrying Concealed

### III.  CONCLUSION

13.  Probable cause exists that on or about March 25, 2019, in the Eastern District of Michigan, Donnie Ellis JOHNSON, a convicted felon, committed a robbery violating 18 U.S.C. § 1951, Hobbs Act.

*Dionte Doris*
Special Agent Dionte Doris
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2020

*Dionte Doris*

7